IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MACK AUTHER FOREMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-675-WHA-SRW |
| | ) | |
| LEIGH GWATHNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MACK AUTHER FOREMAN, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-804-WHA-SRW |
| | ) | |
| LEIGH GWATHNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed on August 6, 2021, by Mack Auther Foreman, an indigent inmate, against Leigh Gwathney, Dwayne Spurlock, and Cliff Walker, members of the Alabama Board of Pardons and Paroles.  On October 12, 2021, this action was transferred to this court from the Northern District of Alabama. (Doc. 6). Thereafter, this action was consolidated with 2:21-cv-804-WHA-SRW. (Doc. 15). In his complaint, the Plaintiff challenges actions of the Alabama Board of Pardon and Paroles denying him parole in 2008, 2013, 2018, 2020 and 2021. (Doc. 1 at pp.

4-5).[1] He alleges that these denials were based upon statements by the District Attorney to the Board that he was "never making parole." He seeks money damages and an informal investigation into these statements. (Doc. 1 at p. 5).

In response to an order from this Court, the Defendants filed an objection to the order (Doc. 23) and an answer to the complaint. (Doc. 24). The Court construes the objection and answer to contain a motion to dismiss this action pursuant to the statute of limitations governing Section 1983 actions. The Plaintiff has responded to the defendants' objection and answer. (Doc. 33, Exs. 1-10).

## II.  STANDARD OF REVIEW

On a motion to dismiss where parties have filed documents outside the complaint, the Eleventh Circuit has held that if the court considers extrinsic documents it must convert the motion to dismiss into a motion for summary judgment unless the document is "(1) central to the plaintiff's claim and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of America Securities,* LLC, 600 F. 3d 1334, 1337 (11th Cir. 2010) citing *D.L. Day, v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005). Further, to survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6), the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp., v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007).  The standard for a motion to dismiss under Rule 12(b)(6) was explained in *Twombly* and refined in *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct.1937, 1949 (2009) as follows:

---

[1]The court notes that any claims Foreman might seek to raise challenging the term of his incarceration would be barred from review in this civil action, as habeas corpus is the exclusive remedy for such claims. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Iqbal,* 556 U.S. at 678-679 (citations and internal edits omitted).

The *Twombly-Iqbal* two-step analysis begins "by identifying the allegations in the complaint that are not entitled to the assumption of truth" because they are conclusory. *Id.,* at 195; *Mamani v. Berzain,* 654 F. 3d 1148, 1153 (11th Cir. 2011) ("Following the Supreme Court's approach in *Iqbal,* we begin by identifying conclusory allegations in the Complaint."). After conclusory statements are set aside, the *Twombly-Iqbal* analysis requires the Court to assume the veracity of well-pleaded factual allegations, and then to determine whether they "possess enough heft to set forth 'a plausible entitlement to relief.'" *Mack v. City of High Springs,* 486 F. App'x 3, 6 (11th Cir. 2012) (quotation omitted.) "To survive a motion to dismiss, a complaint need not contain 'detailed factual allegations' but instead the complaint must contain 'only enough facts to state a claim to relief that is plausible on its face.'" *Maddox v. Auburn Univ. Fed. Credit Union,* 441 B.R. 149,151 (M.D. Ala. 2010) (Citation omitted). Establishing facial plausibility, however, requires more than stating facts that establish mere possibility. *Mamani,* 654 F. 3d at 1156 ("The possibility that – *if* even a possibility has been alleged effectively – these defendants acted

unlawfully is not enough for a plausible claim.") (emphasis in original). Plaintiff is required to "allege more by way of factual content to nudge [her] claim … across the line from conceivable to plausible." *Iqbal,* 129 S. Ct. at 1952 (internal editing and citation omitted). With these standards in mind, the Court will turn its attention to the Defendants' motions to dismiss.

## II.  DISCUSSION

It is clear from the complaint that Foreman's claims challenging the constitutionality of actions which occurred in 2008, 2013 and 2018 are barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). The alleged denials of parole in 2008, 2013 and 2018 are barred by the two-year statute of limitations, as Foreman filed the instant complaint on August 6, 2021, well after expiration of each of the applicable periods of limitations. Also, by its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Foreman from application of the time bar.[2]

---

[2]The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability" to commence the action, not to exceed "20 years from the time the claim or right accrued." Ala. Code § 6-2-8(a). The Plaintiff does not allege that he has suffered from insanity at any time and admits that he is over 19 years of age.

With respect to the Plaintiff's claims arising from alleged denials of parole in 2020 and 2021, the Court concludes that these claims likewise are due to be dismissed based upon the Defendants' undisputed proffer of evidence demonstrating conclusively that Plaintiff was last denied parole after a hearing on December 5, 2018. (Doc. 23-1). Plaintiff is set for a rehearing in December 2023. *Id.* Although Plaintiff filed an application for an early parole consideration hearing on April 24, 2021 (Doc. 33-10 at p. 1), the undisputed evidence before this Court demonstrates that this application was administratively denied by letter on November 10, 2021, which was generated by "Board Operations Staff." (Doc. 23-3).

As noted above, in reviewing a motion to dismiss, a court is allowed to consider documents extrinsic to the complaint only where the document is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Speaker v. U.S. Dept. Health & Human Services Centers for Disease Control and Prevention,* 623, F. 3d 1371, 1379 (11th Cir. 2010). Here, the central question before the court involves a factual determination of the last parole hearing date for purposes of deciding whether Plaintiff states a claim based upon a 2020 or 2021 denial of parole by the individual defendants. Plaintiff does not challenge the authenticity of the November 10, 2021, administrative denial by "Board Operations Staff" of his application for an early parole consideration hearing. (Doc. 23-3). Nor does he challenge the authenticity of the December 10, 2018, letter from Eddie Cook, Jr., Executive Director of the Alabama Board of Pardons and Paroles, advising the Plaintiff of the Board's December 5, 2018, decision to deny him

parole. (Doc. 23-1). Thus, the undisputed evidence demonstrates that the Plaintiff's last parole hearing from which any potential claims could arise was held on December 5, 2018. (Doc. 23-1).

Indeed, the administrative denial of Plaintiff's request for an early parole consideration does not present any legal basis on which Plaintiff can proceed in this case, for several reasons. (Doc. 23-3). First, the Plaintiff offers no evidence that any named Defendant participated in the administrative denial. Second, the Plaintiff makes no allegation that any named Defendant relied upon false information in the administrative denial of his application for an early parole consideration hearing. The law is clear that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979). The Eleventh Circuit, citing *Greenholtz,* has recognized that because Alabama's parole system is discretionary, a petitioner has no liberty interest in parole. *Monroe v. Thigpen,* 932 F.2d 1437, 1441 (11th Cir. 1991). Further, the Court has cautioned that a federal court should refrain from usurping the Parole Board's discretion "absent flagrant or unauthorized action." *Id.* In that instance, the Court recognized that "[b]y relying on false information in … [the plaintiff's] file, the Board has exceeded its authority under Section 15-22-26 and treated … [the plaintiff] arbitrarily and capriciously in violation of due process." *Id.* at 1442.

In light of the foregoing, the court concludes that the Plaintiff's claims arising from alleged parole denials in 2008, 2013, 2018 are barred by the applicable statute of limitations and are due to be dismissed. *Iqbal,* 129 S. Ct. at 1952. Additionally, the Plaintiff's claims

arising from alleged parole denials in 2020 and 2021 are due to be dismissed for failure to state a claim. *Id.*

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice.  On or before **April 1, 2022,** Plaintiff may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 18th day of March, 2022.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge