IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MACK AURTHER FOREMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-675-WHA-SRW |
| | ) | |
| LEIGH GWATHNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*     \*     \*     \*     \*     \*

| | | |
|---|---|---|
| MACK AURTHER FOREMAN, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-804-WHA-SRW |
| | ) | |
| LEIGH GWATHNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

Now pending before the Court is Plaintiff's Notice of Appeal (Doc. 43) which is considered as containing a motion to proceed on appeal in forma pauperis. For the reasons that follow, the Court concludes Plaintiff's motion is due to be denied.

28 U.S.C. § 1915(a) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, the Court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no substantive merit," *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May

1981) (per curiam). Applying these standards, the Court is of the opinion, for the reasons as stated in the Order of April 27, 2022 (Doc. 41), that Plaintiff's appeal is without a legal or factual basis and, accordingly, is frivolous and not taken in good faith. *See e.g. Rudolph v. Allen*, 666 F.2d 519 (11th Cir. 1982).

Accordingly, it is

ORDERED that the appeal in this cause is certified, under 28 U.S.C. § 1915(a), as not taken in good faith, and the motion for leave to appeal in forma pauperis (Doc. 43) is DENIED.

It is further

ORDERED that, under the provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915 (as amended), Plaintiff is required to pay the requisite $505.00 fee for filing this notice of appeal. Accordingly, it is

ORDERED that:

1. If the funds in Plaintiff's prison account exceed $505.00, those persons having custody of Plaintiff shall forward to the Clerk of this Court the $505.00 appellate filing fee.

2. If the funds in Plaintiff's prison account are less than $505.00, those persons having custody of Plaintiff shall --

(A) make an initial partial payment to this court equal to the greater of the following amounts:

(a) 20% of the average monthly deposits to Plaintiff's account for the 6-month period immediately preceding the date Plaintiff filed his notice of appeal; or

2

(b) 20% of the average monthly balance in Plaintiff's account for the
aforementioned 6-month period.

(B) make additional monthly payments of 20% of each preceding month's
income credited to Plaintiff's account until the balance of the $505.00 fee is
paid. These additional monthly payments shall be deducted from Plaintiff's
prison account each time the amount in this account exceeds $10.00 until the
$505.00 filing fee is paid in full.

3. Where the appellate court enters a judgment against Plaintiff for payment of costs
at the conclusion of the appeal, including any unpaid portion of the required $505.00 filing
fee, those persons having custody of Plaintiff shall continue making monthly payments to
this court in accordance with the installment plan outlined in ¶ 2(B) until the full amount
of the ordered costs is paid.

To aid those persons having custody of Plaintiff in complying with the requirements
of this order, the Clerk is DIRECTED to furnish a copy of this order to the inmate account
clerk at the facility where Plaintiff is detained. The account clerk is advised that if Plaintiff
is transferred to another prison or detention facility, he/she shall furnish this order to the
appropriate official at the institution where Plaintiff is transferred so the custodial agency
can assume the duties of collecting and forwarding any remaining monthly payments to
this court.

Plaintiff is advised that if, before he has paid the $505.00 filing fee, the appellate
court disposes of his appeal—by dismissing the appeal for lack of jurisdiction, want of
prosecution, or because it is frivolous, or by deciding the appeal on the merits—he remains

obligated to pay the $505.00 filing fee. The filing fee will be collected from any funds which become available to Plaintiff and will be forwarded to this court by those persons having custody of Plaintiff pursuant to the directives in this Order.

Done, this 16th day of May 2022.


    /s/   W. Harold Albritton
SENIOR UNITED STATES DISTRICT JUDGE